## Mae E. Hill, Appellant, v. Andrew E. Hill, Appellee.

1. HUSBAND AND WIFE—*when improper conduct of husband shown.* In action for separate maintenance, evidence of plaintiff held sufficient to raise a reasonable inference that defendant husband was guilty of improper relations with other women.

2. HUSBAND AND WIFE—*consorting with other women as authorizing separate maintenance.* Wife is entitled to separate maintenance where husband has consorted with other women.

3. APPEAL AND ERROR—*reversal where appellee offered no evidence.* On appeal in action by wife for separate maintenance, where proof was sufficient to raise a reasonable inference of misconduct on the part of defendant, and defendant offered no countervailing evidence, Appellate Court will reverse judgment for defendant with directions to enter decree in favor of plaintiff.

Appeal by plaintiff from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1925. Reversed and remanded with directions. Opinion filed August 5, 1925.

R. E. WRIGHT, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant filed a bill for separate maintenance and at the close of her evidence, on motion of appellee, the court dismissed her bill for want of equity. The parties were married on April 17, 1920, and their relations seem to have been harmonious until a few weeks before their separation on May 20, 1924. They have one child that was born June 3, 1924. Appellee did not testify and offered no evidence. The record discloses that appellant's mother has been an invalid for many years and resided with her husband at Green-

ville, Illinois, which was appellant's home at the time of her marriage. Appellant was a teacher in the schools of Greenville since 1909 and continued in her work after her marriage. Because of. her mother's health the parties, by mutual consent, resided at Greenville, and purchased a residence there. Appellee had a boy by a former wife. At the time of their marriage appellee was employed in the yards of the Illinois Central Railroad Company, at Clinton, Illinois, and later was transferred to the yards of the same company at East St. Louis. He made frequent visits to the home at Greenville and about March 1, 1924, they moved to East St. Louis and rented rooms.

The evidence discloses that appellee became acquainted with a Mrs. Huskey in 1922. She kept a boarding house in East St. Louis and he took his meals at her place. In May, 1924, appellee procured a railroad pass for himself and wife. It is quite evident that he and Mrs. Huskey used the pass on a trip to Indiana and Kentucky and were gone about a week. They returned to East St. Louis on a Friday and went to the home of Mrs. Huskey where they remained until the following Monday morning when they were arrested on complaint of appellant.

Appellant testified that she talked to appellee after his arrest and that he told her that he had been immoral with Mrs. Huskey practically ever since he knew her. She says that she afterwards told him that if he would behave himself and get the company to transfer him to another place she would live with him and care for their children, and that he replied that he would not live with her; that he did not want to set eyes upon the unborn child; that he was going where his own folks would not know where he was.

It was shown that appellee frequented a restaurant in company with other women. He had an automobile and on two or three occasions in the spring of 1924 was seen riding with a woman who was not his wife.

When appellant wanted to go with him he often found excuses for leaving her at home.

In the absence of countervailing evidence the proof was sufficient to raise a reasonable inference that appellee sustained improper relations with Mrs. Huskey. The law does not require a wife to put up with such conduct. The court should have allowed appellant a reasonable amount for the support of herself and child and for the expenses incident to her confinement, and a reasonable solicitor's fee.

As appellee chose to offer no testimony but to submit the case on appellant's evidence it is our duty to reverse the decree with directions to enter a decree in favor of appellant for separate maintenance in accordance with the prayer of her bill. *Koebel v. Doyle,* 256 Ill. 610; *Thorworth v. Scheets,* 269 Ill. 573; *People v. Scanlan,* 294 Ill. 64; *People v. DeYoung,* 298 Ill. 380. If, in so doing, an injustice is done to appellee, he has only himself to blame as he should have put in his evidence, if he has any, instead of moving to dismiss the bill for want of equity. *People v. Scanlan,* 294 Ill. 64-69. In the latter case the rule was applied with reference to a divorce case. The decree is reversed and the cause remanded with directions to enter a decree in favor of appellant for separate maintenance.

*Reversed and remanded with directions.*