Paul Schneider, Appellant, v. Trae Schneider,
Appellee.

Gen. No. 38,858.

Opinion filed October 13, 1936.

George C. Geier and William A. L. Pellicore, both
of Chicago, for appellant.

Henry G. Hulbert, of Chicago, for appellee.

Mr. Justice McSurely delivered the opinion of the
court.

Plaintiff filed a bill for divorce, alleging desertion
by defendant; defendant filed a cross complaint, al-
leging that plaintiff had deserted her; after hearing,
decree was entered granting plaintiff the divorce on
the ground that defendant had wilfully deserted plain-

tiff without any reasonable cause and finding against defendant's cross complaint; the sum of $7.50 a week for a period of two years was ordered to be paid by plaintiff to defendant as alimony. Plaintiff appeals, asking that the decree be modified so as to exempt him from the payment of alimony. Defendant files cross error, claiming that the court should have found that plaintiff had deserted defendant as alleged in her cross complaint, and also asking that the amount of alimony be increased to $10 a week.

The parties were married January 30, 1931, and went to live in rooms in the house of the wife's parents, paying no rent; they lived there until July, 1934; plaintiff was a teacher of music in the public schools, earning approximately $1,950 a year; the wife worked for her father as bookkeeper, earning $24 a month, sometimes, and also playing at concerts once in a while; no children were born of the marriage; both parties were under 30 years of age.

There was evidently a good deal of quarreling between them as to financial matters, defendant complaining that plaintiff did not pay his bills and was buying unnecessary things. July 6, 1934, defendant sought the advice of her brother, an attorney, who advised her to stay that night in his home and he would talk to plaintiff the following morning. Plaintiff testified that when he came home that night his wife was not there. Neither was she there the following day. July 7th, pursuant to a call from defendant's brother, he went to his office and was then told by the brother that inasmuch as the couple was not getting along his sister wanted a divorce unless plaintiff was willing to turn over to her half of his wages and let her have the use of the automobile half of the time, and that until he should decide to do this he should take his clothes from his home and stay with his mother. Plaintiff testified that he then went to his

home and got some clothes and went to his mother's home; that when he went back to the home a few days later he found all of his clothes out on the floor of the porch with a note stating that he should leave the key to the door. Defendant testified that during this time plaintiff did not know where she was; that she did not want him to take any of her things out of their home and so she placed his clothing and things out on the porch.

The evidence justified the conclusion of the chancellor that defendant was guilty of desertion. Her own testimony supports this. She was the active party in the desertion. She in effect delivered an ultimatum to plaintiff that she would not return to him unless he acceded to her demands. The fact that defendant returned to the home of her parents where she and plaintiff had lived, after her brother, the lawyer, had ordered plaintiff to leave their home, does not affect the situation.

We know of no case that holds the wife is entitled to alimony as a matter of right, regardless of whether the divorce has been granted because of her fault. The general rule is stated in *Spitler v. Spitler,* 108 Ill. 120, that the right to alimony is founded upon the duty of the husband to support the wife, and when this duty ceases the right to alimony also ceases. It is generally held, in the absence of statutory provisions, that when the husband obtains a divorce on account of the misconduct of the wife, the latter will not be entitled to alimony. Where there are minor children or special circumstances alimony may be allowed although her fault has caused the divorce. But none of these circumstances is present in the instant case. There are no children and the wife continued to be employed after marriage, and no reason appears why she cannot continue to be self-supporting. We are of the opinion that the facts in the case do not justify the allowance of alimony to the wife.

578

We approve of the decree except as to the allowance of alimony. The decree is therefore reversed and the cause is remanded with directions to modify the decree so as to omit any requirements for the payment of alimony.

*Reversed and remanded with directions.*
MATCHETT, P. J., and O'CONNOR, J., concur.