*Decision will be entered under Rule 50.*

WILLIAM H. STANLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96558. Promulgated May 24, 1940.

*William H. Stanley* pro se.
*Gerald W. Brooks, Esq.*, for the respondent.

**1236**

OPINION.

STERNHAGEN: The Commissioner determined that the trust was in lieu of alimony and for that reason he included the trust income in petitioner's gross income. The petitioner assails this, contending that the trust was not in lieu of alimony, and that he had no obligation to pay alimony or, under Illinois law, to support his divorced wife.

The trust was made before the divorce proceeding was begun and, as appears from the record, was not an incident of divorce or separation, even though the wife soon thereafter left the petitioner's home and did not return. When made, therefore, the trust had no color of alimony. So much of the Commissioner's rationale is mistaken. However, the trust might have become an alimony trust if it had later served the petitioner as a discharge of any obligation by reason of a divorce decree against him requiring him to pay alimony. But there was no such decree against him and no alimony award. He was the plaintiff in the divorce proceeding and the decree expressly provided that the defendant should have no alimony.

In Illinois the wife under such circumstances is apparently not entitled to alimony as a matter of right. *Schneider* v. *Schneider*, 286 Ill. App. 575; 4 N. E. (2d) 123. Furthermore, even if the petitioner had been the defendant in the divorce proceeding, the trust agreement was a final settlement and the court had no jurisdiction to modify the decree as to alimony. *Kelley* v. *Kelley*, 317 Ill. 104; 147 N. E. 659; *Smith* v. *Johnson*, 321 Ill. 134; 151 N. E. 550; *Smith* v. *Smith*, 334 Ill. 370; 166 N. E. 85.

The trust agreement was irrevocable, the petitioner had before 1935 completely discharged all liability which he had to his former wife, and he had no remaining or continuing obligation, the law of Illinois during the taxable years had been clearly announced to that effect, and the petitioner was, therefore, free from tax on the trust income. *Helvering* v. *Fuller*, 310 U. S. 69.

*Decision will be entered under Rule 50.*