IRENE E. DeGEETER, Plaintiff-Appellant, *v.* MORRIE A. DeGEETER *et al.*, Defendants-Appellees.

(No. 73-155; ▮▮▮▮▮

Third District—December 28, 1973.

Franklin Wallace, of Rock Island, for appellant.

Dan H. McNeal, of Moline, and Eagle and Eagle, of Rock Island, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Rock Island County. Irene E. DeGeeter, hereinafter referred to as plaintiff, filed a complaint for divorce against Morrie A. DeGeeter, hereinafter referred to as defendant, and thereafter, pursuant to leave of court, amended her complaint and sought separate maintenance on the grounds that the defendant had wilfully deserted her without cause or fault on the part of the plaintiff and such wilful desertion had continued to the date of the trial.

A trial was had at the conclusion of which the trial court made the following findings:

"1. That the plaintiff has failed to sustain the burden of proof, by a preponderance of the evidence, that the separation of the parties was without fault on plaintiff's part. The testimony of the plaintiff further lacked credibility.

2. The court finds from the evidence that plaintiff told the defendant that he should move out of the marital residence and that she did not intend to put up with defendant; that plaintiff caused the lock on the only door of the marital residence to be changed and thereafter failed to offer or provide defendant with a key;

that plaintiff boxed up defendant's clothes and placed them in the garage and ordered him to leave.

3. The court finds from the evidence, that the separation of the parties was with the consent of the plaintiff.

4. The court finds that plaintiff's Complaint for Separate Maintenance, as Amended, should be dismissed and denied."

As a result the court dismissed and denied the plaintiff's claim for separate maintenance. The issues presented for review are (1) whether plaintiff has carried her burden of proof that she is living separate and apart from defendant without fault on her part, (2) whether defendant has carried his burden of proof that he had reasonable grounds for leaving plaintiff.

These issues are the obverse of each other and shall be discussed jointly after a brief review of the facts in this case.

Plaintiff and defendant were married on October 12, 1940, at Moline, Illinois, and there were two children born of this marriage, Karna and Brad, both of whom have reached their majority and are not living in the marital residence. The marital residence is located along Rock River in Rock Island County, Illinois, and is being purchased on contract.

There was testimony by witnesses throughout that the marriage itself had degenerated to the point where the husband and wife were living together but in actuality separately within the marital home. However, this arrangement apparently had continued for a period of three to five years and continued until the defendant began consorting with a woman known as Anna Campbell. By defendant's own testimony and testimony of others he was seeing Anna Campbell, went fishing with her on numerous occasions throughout the week, and approximately one out of every four weekends and at one point had gone fishing overnight with Anna Campbell. Plaintiff was uninformed of this relationship until told of it by Anna Campbell's then husband, Weldon Campbell. At this point plaintiff and defendant began having arguments about Anna Campbell and the fact that the defendant was consorting with her in spite of the fact that he was still married and living in the marital home.

After the problems arose due to the defendant's consorting with the Campbell woman there is some dispute as to how exactly defendant left the marital home, whether willingly, "a little at a time", or whether he returned at one point to find all his clothing packed and in the garage and was informed that he need not come back. In the instant case we have a situation of a marriage which had deteriorated but which was still viable to some extent, but that relationship being seriously endangered by the defendant's persistent keeping of company with another woman

in spite of his wife's strenuous objections and the objections of his children. This self-confessed activity would in our opinion necessarily render her life miserable and living as his wife unendurable.

In the case of *Johnson v. Johnson,* 125 Ill. 510, 16 N.E. 891, the Illinois supreme court affirming a decree of separation for the wife stated at page 515:

> "But a wife who is not herself in fault, is not bound to live and cohabit with her husband if his conduct is such as to directly endanger her life, person, or health; nor where the husband pursued a persistent, unjustifiable, and wrongful course of conduct towards her, which will necessarily and inevitably render her life miserable, and living as his wife unendurable. Incompatability of disposition, occasional ebullitions of passion, trivial difficulties, or slight moral obliquities, will not justify separation. If the husband voluntarily does that which compels the wife to leave him, or justifies her in so doing, *the inference may be justly drawn that he intended to produce that result, on the familiar principle that sane men usually mean to produce those results which naturally and legitimately flow from their actions;* and, if he so intended, her leaving him would, in the case, but be desertion on his part, and not by the wife." (Emphasis supplied.)

Plaintiff cites the case of *Hill v. Hill,* 238 Ill.App. 189, where the court on appeal reversed the lower court's order dismissing the wife's complaint for separate maintenance and remanded the cause with instructions to enter a decree in favor of appellant. The court said at page 191:

> "In the absence of countervailing evidence the proof was sufficient to raise a reasonable inference that appellee sustained improper relations with Mrs. Huskey. *The law does not require a wife to put up with such conduct.* * * *" (Emphasis supplied.)

In the instant case, the plaintiff was faced with the prospect of living with the defendant while he openly consorted with another woman, or filing for a divorce, or asking for separate maintenance. She chose the latter course, but was denied this remedy. The trial judge found in effect that she was not without fault since she caused the separation, consented to the separation, and that her testimony as to the facts surrounding the separation lacked credibility.

■■■ We find that through the defendant's own testimony he admitted to openly consorting with another woman, and this is the main cause of the separation. We do not feel that the plaintiff has the duty to passively accept that situation and any steps she might have taken to remove the defendant from the marital home until he stopped openly consorting with the other woman were justified under the circumstances.

We find that these steps did not constitute "fault" on the part of the plaintiff sufficient to justify a dismissal and denial of her suit for separate maintenance.

Therefore we direct that the order of the trial court denying the plaintiff a decree for separate maintenance be set aside and that the cause be remanded for further hearings as may be necessary and proper.

Reversed and remanded.

ALLOY, P. J., and DIXON, J., concur.