DAVID J. SMITH, Plaintiff-Appellant, *v.* AARON, AARON, SCHIMBERG & HESS, Defendant-Appellee.

Second District  No. 82—351

Opinion filed January 27, 1983.

James E. O'Halloran, Jr., of Johnson, Cusack, Bell, O'Halloran & Demaret, of Northbrook, for appellant.

Joel J. Sprayregen and Nancy G. Abrahams, both of Aaron, Schimberg, Hess, Rusnak, Deutsch & Gilbert, of Chicago, and Robert L. Snook, of Waukegan, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Plaintiff, David J. Smith, appeals from the dismissal of that portion of his complaint which alleged that defendant's representation of his wife constituted malicious prosecution. Plaintiff's wife, Dorothy Smith, retained the defendant law firm, which filed a petition for legal separation. (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) Subsequently, the petition for separation was dismissed for want of prosecution by the circuit court of Cook County and plaintiff then filed a complaint for malicious prosecution in the circuit court of Lake County. Plaintiff appeals from the trial court's dismissal of his complaint.

The defendants in this cause were retained by plaintiff's wife, Dorothy Smith, and they filed a petition for legal separation on her behalf on December 12, 1977. On the next day they filed a motion for a temporary restraining order, which was granted *ex parte* and which, in effect, froze plaintiff's assets. The TRO was served on plaintiff's employer and resulted in the withholding of his salary. Plaintiff also alleged that it resulted in the termination of his employment.

After plaintiff obtained counsel and had entered into an agreed order modifying the TRO, he moved to strike his wife's petition for separation, alleging that it failed to allege that the parties were living separate from each other. The trial court granted plaintiff's motion and vacated all orders entered previously, allowing her to amend. No subsequent petitions were filed, and the case was dismissed for want of prosecution on May 9, 1978.

■ The requisite elements for malicious prosecution are well settled:

> "Under Illinois law, a complaint for malicious prosecution must allege five distinct elements: (1) institution and prosecution of judicial proceedings by the defendant; (2) lack of probable cause for those proceedings; (3) malice in instituting the proceedings; (4) termination of the prior cause in plaintiff's fa-

vor, and (5) suffering by plaintiff of some special injury, beyond the anxiety, loss of time, attorney fees, and necessity for defending one's reputation, which are an unfortunate incident of many (if not most) lawsuits." *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 818, 372 N.E.2d 685.

■ Further, it has been held that an attorney can be held liable for malicious prosecution. (*Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 381 N.E.2d 1367.) In *Berlin* the court noted that if an attorney acts, knowing that his client has no just claim and that his client is actuated by illegal or malicious motives, he may be liable for malicious prosecution. (64 Ill. App. 3d 940, 948.) An attorney cannot always justify himself merely by showing he followed his client's instructions. *Burnap v. Marsh* (1852), 13 Ill. 535.

■ After careful consideration of plaintiff's contentions, the complaint and other pleadings, we have concluded that the trial court properly granted the motion to strike plaintiff's complaint. Plaintiff's complaint for malicious prosecution failed to meet a number of the requirements of *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 818, 372 N.E.2d 685.

■ Plaintiff's first contention is that the petition for separation was instituted without probable cause. He contends that it is a statutory requirement that the petitioner for a legal separation live in a separate abode from the respondent at the time of filing. Ill. Rev. Stat. 1977, ch. 40, par. 402.

Plaintiff alleges that at the time the petition was filed, the defendant law firm was aware that the parties were not living in separate abodes. Therefore, he contends, defendants had no probable cause for filing the petition.

Defendants concede that Dorothy was not living in a separate abode at the time of filing, but it also contends that there is no clear statutory requirement that the parties reside in a separate abode at the time of filing. The statute in issue became effective only two months before the date when defendants filed the petition for legal separation, December 12, 1977. It provides in part:

"[I]f a party, prior to trial, requests a judgment of legal separation (formerly known as separate maintenance), rather than a judgment of dissolution of marriage, the court shall grant the judgment in that form, provided that the petitioner has resided in a separate abode from the respondent continuously since the separation, and such separation has been within the petitioner's fault." Ill. Rev. Stat. 1977, ch. 40, par. 402.

The statute makes it clear that the parties must reside in a sepa-

rate abode before the court grants the judgment in the form of legal separation. The statute does not require separate abodes at the time of filing—it is silent on this question. The petition for separation alleged that the wife was seeking to have the plaintiff move out of the marital home, but he had refused to leave the premises. We believe plaintiff has failed to make a clear showing that defendants had no probable cause for filing the subject petition.

*Baumgartner v. Baumgartner* (1958), 16 Ill. App. 2d 286, 292, 148 N.E.2d 327, held that it was against public policy for a couple to live together during the pendency of a separate maintenance or divorce action. Because the evidence showed that plaintiff and defendant were living together at the time the suit for separate maintenance was filed, and because the complaint lacked an allegation that the parties were living separate and apart, the complaint did not state a cause of action. Therefore, the court held that the suit was not brought in good faith. Plaintiff contends that *Baumgartner* shows both the element of no probable cause and the element of malice. However, it should be noted that the applicable statute was quite different in *Baumgartner* from the current statute in that it provided specifically for a remedy in equity against the other spouse "while they so live or have so lived separate and apart." (Ill. Rev. Stat. 1951, ch. 68, par. 22.) This differs from the present statute, which on its face only requires that the parties maintain a separate abode "prior to trial." (Ill. Rev. Stat. 1977, ch. 40, par. 402.) *Baumgartner* was interpreting a different, earlier statute and is not controlling in the case at bar.

Plaintiff relies on *Baumgartner v. Baumgartner* (1958), 16 Ill. App. 2d 286, 292, 148 N.E.2d 327, for the proposition that defendants' acts constitute malice as a matter of law. While the facts of the *Baumgartner* case are quite similar to the case at bar, the statutory guidelines for petitioning for separation have changed since that case. Further, we note that plaintiff's complaint failed to allege malice in instituting the proceedings.

Defendants contend that Dorothy's petition for separation is evidence of its good faith and lack of malice. The petition does allege that the parties were living together and that plaintiff would not leave the marital home. It also alleges that plaintiff threatened to leave the State, leave his family without funds and that he had physically assaulted the petitioner and the minor children. Defendants contend that these allegations indicate a good faith attempt by them to protect their client from abandonment by plaintiff. Defendants contend that Dorothy was not required to passively accept her situation,

and she was entitled to take steps to remedy it. (*DeGeeter v. DeGeeter* (1973), 16 Ill. App. 3d 262, 264, 305 N.E.2d 727, 729.) We agree. Although *Degeeter* was decided under the former act, it appears to have been decided on an equitable basis and it would be applicable to any statute that provides for separate maintenance. It appears that defendants' filing of the verified petition was not done maliciously, and may well have been necessary under the circumstances.

An important issue in this case is the question of whether or not plaintiff has shown that the original suit ended or terminated in his favor. The action for separation was dismissed on May 9, 1978, for want of prosecution. Plaintiff contends that the cause was dismissed on the merits, but then points out that leave to amend was granted by the trial court judge. As previously indicated, after no action was taken to amend or refile the petition all prior orders were vacated and the cause was dismissed for want of prosecution. Plaintiff contends that this dismissal was on the merits because a necessary allegation, *i.e.*, "living separate and apart," was lacking and could not be pleaded. .

On the other hand, it appears that this cause could be reopened and no final determination has been made as of yet. Defendants contend that under the current status of the law there is no requirement that the parties be living separate and apart at the time of filing. At some time in the future this issue could conceivably be decided in accordance with defendants' position. We cannot say that at this time the cause has been determined favorably for the plaintiff.

In *Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1038, 365 N.E.2d 1191, 1194, the court discussed this very problem and stated:

"Termination of the civil suit in favor of the plaintiff must be a judicial determination which deals with the factual issues. Voluntary dismissal (*Bonney v. King* (1903), 201 Ill. 47, 66 N.E. 377), settlement (*Schwartz v. Schwartz* (1937), 366 Ill. 247, 8 N.E.2d 668), or even involuntary dismissal (*Siegel v. City of Chicago* (1970), 127 Ill. App. 2d 84, 261 N.E.2d 802) are not such terminations." See also *Savage v. Seed* (1980), 81 Ill. App. 3d 744, 748, 401 N.E.2d 984; *Executive Commercial Services, Ltd. v. Daskalakis* (1979), 74 Ill. App. 3d 760, 767, 393 N.E.2d 1365.

Further, it has been held that an order dismissing a case for want of prosecution is not a final and appealable order. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 114, 435 N.E.2d 480.) In *Flores* the court noted that a judgment, to be final and appealable, must be a determi-

nation by the court which "fixes absolutely and finally the rights of the parties in the lawsuit." (91 Ill. 2d 108, 112, 435 N.E.2d 480.) The court went on to note that the order itself provided that it was not final and appealable. While the question of appealability is not presently in issue, the *Flores* case is relevant to the issue of whether or not the original suit has terminated. Thus, we believe plaintiff has not met the requirement that the prior cause be terminated in his favor.

There are exceptions to the requirement that a plaintiff show that a prior proceeding terminated in his favor, such as when the action brought was unjustified. (*March v. Cacioppo* (1962), 37 Ill. App. 2d 235, 246, 185 N.E.2d 397.) Here, however, there was no showing that previous action was not justified other than the fact that plaintiff's wife dropped her suit. The fact that plaintiff may have suffered damages is not dispositive. It does not appear that plaintiff's claim falls within this exception to the favorable termination requirement.

In light of our discussion above, we do not reach the issue of plaintiff's special injuries.

For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT and REINHARD, JJ., concur.