LAWTON C. BONNEY

*v.*

JOHN A. KING *et al.*

*Opinion filed February 18, 1903.*

1. CONSPIRACY—*conspiracy is not the gist of an action on the case.* The unlawful act done in pursuance of a conspiracy, and not the fact of the conspiracy itself, is the gist of an action on the case for resulting damages.

2. MALICIOUS PROSECUTION—*suit on which an action for malicious prosecution is based must have terminated.* In an action for malicious prosecution of a suit without probable cause, the declaration must allege that the suit which is the foundation of the action for malicious prosecution has been legally terminated.

3. SAME—*what not an infringement of Bill of Rights.* Refusal of the court to entertain an action for malicious prosecution while the suit complained of is pending for trial is not an infringement of the provision of the Bill of Rights that every person ought to find a certain remedy in the law for all injuries he may receive to person, property or reputation.

4. SAME—*institution of a civil suit is not a malicious abuse of process.* The action for malicious abuse of process lies for the improper use of process after it has been issued, and not for maliciously causing the process to issue.

5. SAME—*elements essential to action for malicious abuse of process.* The existence of an ulterior purpose, and an act, in the use of process, not proper in the regular prosecution of the suit, are two essential elements of an action for malicious abuse of process.

*Bonney* v. *King*, 103 Ill. App. 601, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

LYMAN M. PAINE, for appellant.

MUSGRAVE, VROMAN & LEE, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The circuit court of Cook county sustained a demurrer presented by the appellees to a declaration filed against them by the appellant in an action on the case. The appellant elected to abide by his declaration, and judgment was entered dismissing the action at his cost. The Appellate Court for the First District affirmed the judgment, and the appellant has prosecuted this his further appeal to this court.

The material allegations of the declaration are, that the appellant was the owner of six hundred and fifty-four shares of the capital stock of the Chicago General Railway Company, of the value of $65,400, which stock was in the custody of one Orson Smith, for the use of the appellant; that the appellees conspired together to deprive appellant of such shares of stock, and in pursuance of such conspiracy said appellee King presented to appellant, and requested him to sign, a power of attorney, in which it was recited that whereas appellee Witbeck owned and controlled a large amount of bonds and stock of said Chicago General Railway Company, and it was contemplated and desired and believed to be for the interest of all parties that a controlling interest in the stock of said company should be held in a lump, and desirable to that end that said Witbeck should be empowered to transfer a controlling interest in said bonds and stock, the said Witbeck be given power and authority to transfer the stock held by the parties signing the same,

and should be required to account to the owners of the stock, as set out in the further provisions of the power of attorney; that appellant refused to sign said power of attorney, and that therefore said appellees did conspire together with the fraudulent, willful, unlawful and malicious intent and purpose wrongfully and wickedly to injure the person, credit, character, business, employment and property of plaintiff, and to hinder and prevent the construction, maintenance and operation of the railway aforesaid, and with the fraudulent, willful, unlawful and malicious intent and purpose wrongfully and wickedly to acquire the said shares of stock of said plaintiff and to coerce said plaintiff into signing said power of attorney, and so to acquire said interest of said plaintiff in said railway company; that in pursuance of said conspiracy with said King, said Witbeck, on different days and dates, instituted in the circuit court of Cook county four certain actions in assumpsit; that in three of said actions it was sought to recover on certain notes which the plaintiff had executed and delivered to the payees, which said notes said Witbeck, as an official of said Chicago General Railway Company, had paid and discharged out of the funds of said railway company, and that in the fourth of said actions in assumpsit it was sought to recover upon a pretended note for $121,702.18, which included the amounts of the three several notes sought to be recovered upon in the other assumpsit suits; that said Witbeck, in the further pursuance of said alleged conspiracy, began an action in replevin against said Orson Smith, based upon an affidavit filed by said Witbeck, in which the affiant claimed to be the owner of the shares of stock in said railway company which said Smith, as before alleged, held for the use of the appellant.

The declaration did not state whether summons had been issued or served in any of the assumpsit suits, or whether a writ of replevin was issued or served against Smith in the replevin suit, or aver any use or misuse of

any of the summons or of the writ of replevin, or that any of the suits had been terminated in any manner, but averred that because of the institution of the replevin suit said Smith refused to surrender the shares of stock to the appellant, and that the institution of all of the suits destroyed the credit and standing of the appellant, which prior to the institution of the suits was good for credit in a large sum, to-wit, $300,000, and had damaged the appellant in the sum of $50,000.

The conspiracy alleged to have been entered into is not the gist of the action. The right of recovery must be based upon some unlawful act done in pursuance of the conspiracy. (6 Am. & Eng. Ency. of Law,—2d ed.—875.) "An action for malicious prosecution of a civil suit without probable cause will not lie where the process in the suit so prosecuted is by summons only, and is not accompanied by arrest of the person or seizure of the property, or other special injury not necessarily resulting in all suits prosecuted to recover for like causes of action." (*Smith* v. *Michigan Buggy Co.* 175 Ill. 619.) Moreover, in an action for malicious prosecution of a suit without probable cause, it is essential that it be alleged in the declaration that the suit which is the foundation for the action for malicious prosecution has been legally terminated. (*Feazle* v. *Simpson*, 1 Scam. 30; *McBean* v. *Ritchie*, 18 Ill. 114; 13 Ency. of Pl. & Pr. 444.) The declaration did not state a good cause of action for the malicious prosecution of a suit without probable cause.

In an action for the malicious abuse of legal process, if the declaration alleges that the process was abused in order to coerce the plaintiff to do some collateral thing or to accomplish some improper ulterior purpose, it may not be necessary to aver that the process is at an end. (13 Ency. of Pl. & Pr. 452; 10 Am. & Eng. Ency. of Law,— 2d ed.—632.) The declaration here under consideration does not aver that the process of the courts, in any of the actions against appellant, has been used for a pur-

pose such process was not intended by law to effect. Two elements are necessary to an action for the malicious abuse of legal process: First, the existence of an ulterior purpose; and second, an act in the use of the process not proper in the regular prosecution of the proceeding. (19 Am. & Eng. Ency. of Law,—2d ed.—630, 631.) Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process. The declaration does not aver either that the plaintiff was arrested or his property seized. The mere institution of civil suits does not constitute a malicious abuse of process. That action lies for the improper use of process after it has been issued,—not for maliciously causing process to be issued. (19 Am. & Eng. Ency. of Law,—2d ed.—632.)

The declaration contained in the nineteenth section of the Bill of Rights of the constitution of 1870, that "every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation," is not infringed by the denial of the courts to entertain an action to recover damages alleged to have been sustained by the alleged malicious institution of a civil suit against the plaintiff while such civil action remains pending in the courts for trial. If allowed to be maintained, the defendant to such an action could not be denied the right to institute like action to recover damages because of the institution of the suit against him, and thus litigation would be multiplied interminably, and the resulting condition would be intolerable.

The grounds of demurrer were well taken, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*