(No. 23893.—)

WILLIAM SCHWARTZ, Appellant, *vs.* EMANUEL SCHWARTZ, Appellee.

*Opinion filed April 16, 1937—Rehearing denied June 2, 1937.*

HALL & HULSE, (ALBERT L. HALL, and MARSHALL MEYER, of counsel,) for appellant.

BROWN, FOX & BLUMBERG, (CHARLES LEROY BROWN, of counsel,) for appellee.

Mr. Justice Stone delivered the opinion of the court:

This cause is here on appeal granted to review the judgment of the Appellate Court for the Second District reversing, without remanding, a judgment of the circuit court of Lake county for $50,000 in a suit against appellee for malicious prosecution of a civil suit.

Appellant and appellee are brothers. From 1920 until February 1, 1929, they were in partnership in the mortgage, loan and insurance business. A dissolution of the partnership took place by agreement on the last named date, by which appellant purchased appellee's interest in the business for the sum of $336,000, and executed, as part payment thereof, certain promissory notes payable at the First National Bank of Waukegan. These notes contained a power of attorney to confess judgment and are commonly called judgment notes. They differed, however, from the usual judgment note, in that the power to confess judgment became operative only on maturity of the note. These notes were for various sums ranging from $5000 to $54,000, with due dates from March 1, 1930, to March 1, 1934. About April 1, 1930, a disagreement arose between the appellant and appellee and thereafter, though they resided in the same home with their father, ate at the same table and slept in the same room, they did not speak to one another.

On March 24, 1932, appellee caused judgment to be entered on one of the notes for $15,000 due March 1, 1932, with interest, costs and attorney fees. Appellant filed a motion to set aside the judgment, accompanied by a tender of the principal and interest due to March 1, 1932. The motion was sustained and leave given to appellant to plead. Thereafter appellee accepted the tender and dismissed the suit. The suit involved here was then filed by appellant charging that appellee, contriving maliciously to injure him in his good name and credit, and to wrongfully and ma-

liciously cause him unnecessary expense and loss of financial credit in his business and to ruin him financially, had put this note in judgment wrongfully, maliciously and without probable cause. The complaint alleged damage in the sum of $200,000. After a demurrer to the declaration had been overruled, pleas were filed stating that the action was not without probable cause, and was begun on advice of counsel. The pleas denied that the suit was brought for the purpose of destroying appellant's credit. The cause was tried by a jury and verdict was rendered for $150,000, of which $100,000 was remitted and judgment was entered on the verdict in the sum of $50,000 and costs. The Appellate Court in reversing the judgment without remanding the cause, held that an action for malicious prosecution would not lie on the facts of the case. That is the question presented here.

Appellant's testimony was to the effect that on March 1, the due date of the note, he went to the First National Bank of Waukegan where the note was by its terms payable, and was informed that the note was not there; that he then went to the appellee's office and told the latter's secretary that he had a check or draft to pay the note and would take it up. She replied that she did not have the note and that her employer was in California. He thereupon dictated a letter saying, in substance, that he was ready to pay the note any time it was presented to him. It appears that appellee returned from California about the twenty-first of March. He testified that he asked his secretary if the note had been paid and she said it had not, and while her testimony is not clear and consistent on the question whether she had notified her employer that the appellant had been in with an offer to pay the note, appellee's testimony was that he did not see the letter which his brother had left until after judgment was entered; that the note being three weeks overdue when he returned, he consulted his attorney about the matter and was advised

to wait another day or two, which he did. The note was past due when judgment was entered. While appellant states that he frequently sought to pay the note at the office of his brother before his return, yet, as he was sleeping in the same room with him and eating at the same table, he must have known of his return, and the record is silent as to any attempt on his part, on the occasion of these personal meetings, to pay the note after appellee returned.

An action for malicious prosecution is one for damages brought by a person against whom a criminal prosecution or a suit has been instituted maliciously and without probable cause. This court has had occasion to say that the law does not look with favor upon such suits. One of the essentials of such a cause of action is that the prior litigation complained of shall have terminated in favor of the defendant therein. A suit for malicious prosecution of a civil suit without probable cause cannot be maintained where the action upon which it is grounded is an ordinary civil action, begun by summons and not accompanied by arrest of the person or seizure of his property, or by special injury not necessarily resulting in any and all suits prosecuted to recover for like causes of action. *Norin* v. *Scheldt Manf. Co.* 297 Ill. 521; *Bonney* v. *King,* 201 id. 47; *Smith* v. *Michigan Buggy Co.* 175 id. 619.

These tests must be applied to all cases such as the one before us. The ground for the rule is, that courts should be open to litigants for the settlement of their rights without fear of prosecution for calling upon the courts to determine such rights. In *Norin* v. *Scheldt Manf. Co. supra,* and in *Shedd* v. *Patterson,* 302 Ill. 355, it was recognized that the circumstances there existing were not those of an ordinary civil suit. In the *Norin case* the action complained of was an unjustified judgment by default without service of process, in bankruptcy, against the plaintiff in the malicious prosecution suit. Such was held not to be an ordinary civil action. In *Shedd* v. *Patterson, supra,*

the defendant in the malicious prosecution suit had many times brought suit against the plaintiff after having had all the merits of such suit determined against him and it was deemed that such was not an ordinary civil suit but was extraordinary in that the repeated bringing of the suit, after final determination, amounted to harassment. These cases, however, recognize the rule which we have hereinbefore stated.

Counsel for appellant here say that a judgment in *narr* and *cognovit* is not an ordinary civil suit begun by summons. The only difference between a judgment entered on *narr* and *cognovit,* and one in a suit brought by summons, is that in the former summons is unnecessary, because the maker of the note authorizes his appearance and waives summons. This does not distinguish it as an unusual suit nor as one not an ordinary civil suit. As was said by this court in *French* v. *Willer,* 126 Ill. 611, "The practice of entering judgments in debt on warrants of attorney is very old, so old that the date of its origin is unknown." This court also said in *Bush* v. *Hanson,* 70 Ill. 480, "A warrant of attorney to confess judgment, is a familiar common law security. The entry of judgment by *cognovit* thereunder, is a proceeding according to the course of the common law, which courts have ever entertained, in the ordinary exercise of their authority as courts of general jurisdiction. The fact that the statute has regulated the mode of procedure, does not convert the proceeding into one of such a special statutory character, that the same presumptions do not obtain as in the case of ordinary judgments of superior courts of general jurisdiction." We are of the opinion that the judgment secured by the appellee in this case on the *narr* and *cognovit* is a judgment entered in an ordinary civil suit. Therefore under the rule announced in the cases hereinabove cited, if appellant would sustain his judgment it is necessary that he show some special damage not incident to an ordinary civil suit.

It is not claimed that any of appellant's property was attached or that he was in any way hindered in handling it. While the charge is that because of this judgment against him his credit was injured and his property became subject to a lien for the judgment, yet such are characteristics of all money judgments in ordinary civil cases. There is no evidence that appellant attempted to deal with his property during the few days in which this judgment was in existence. There is no evidence of special loss to him of any character, over and above the ordinary expense and trouble attendant upon the defense of an ordinary civil suit, and therefore, under the rule announced in *Smith* v. *Michigan Buggy Co. supra,* and other cases herein cited, there is no showing of special damages. General damages are such as the law implies and presumes to have accrued from the wrong complained of. Special damages are such as actually, but not necessarily, are sustained, and so are not implied but must be proved. (*Horne* v. *Sullivan,* 83 Ill. 30; *Adams* v. *Gardner,* 78 id. 568; *Olmstead* v. *Burke,* 25 id. 74.) Appellant's case lacks the essential feature of special damages.

Another element in the previous suit necessary to be shown in order to sustain an action for malicious prosecution is, that the suit shall have terminated in favor of the plaintiff in the malicious prosecution case. While the suit here was dismissed upon acceptance of a tender, such cannot be said to have been a termination favorable to the appellant for the reason that he paid the amount of the note and interest to its due date in order to procure dismissal of the suit. Such payment is, itself, evidence of probable cause for the suit.

Other weaknesses inhere in appellant's case but need not be considered. If the plaintiff in a malicious prosecution action, though proving several elements of a good cause of action, yet fails to prove some essential element, he can

not maintain his suit. *Glenn* v. *Lawrence,* 280 Ill. 581 ; *McElroy* v. *Catholic Press Co.* 254 id. 290.

We are of the opinion, without here further analyzing the able and somewhat extended arguments of counsel, that the Appellate Court was right and its judgment is affirmed.

*Judgment affirmed.*