Myrna Brandow and Edward C. Brandow, Plaintiffs-Appellants, v. Interstate Bond Company, a Corporation, and The John Allan Company, a Corporation, Defendants-Appellees.

Gen. No. 67–39.

Third District.

January 18, 1968.

Rehearing denied February 9, 1968.

Robert C. Carr, of Ottawa, for appellants.

Allan L. Blair, of Chicago, and John A. McNamara, of Marseilles, for appellees.

**STOUDER, J.**

Plaintiffs, Myrna Brandow and Edward Brandow, commenced this civil suit for damages in the Circuit Court of LaSalle County alleging that defendants, Interstate Bond Company and The John Allan Company, were guilty of maintenance. Plaintiffs appeal from the dismissal of their complaint. A detailed account of prior litigation between the parties may be found in People ex rel. Wright v. Doe, 26 Ill2d 446, 187 NE2d 222, and People ex rel. Wright v. Doe, 50 Ill App2d 458, 200 NE2d 370.

The facts are that Interstate purchased the property of plaintiffs at a tax sale. Issuance of a tax deed was ordered by the County Court of LaSalle County and no appeal was taken from this order. The property was then conveyed to The John Allan Company. Thereafter plaintiffs commenced a proceeding under section 72, chapter 110, Ill Rev Stats (1959), seeking to set aside the tax deed as having been secured by fraud and other improper conduct and naming Interstate and John Allan as respondents. The proceeding was dismissed for insufficiency but the Supreme Court in Wright v. Doe, 26 Ill2d 446, 187 NE 2d 222, reversed the decision of the trial court and remanded the proceeding for a trial on its merits. Additional pleadings were filed from which it appeared The John Allan Company, subsequent to the dismissal of the proceeding, had conveyed the property by quitclaim deed to Lorine and Elizabeth McMichael. Plaintiffs moved to strike the answers of the defendants, Interstate Bond Company and The John Allan Company, alleging that after the conveyance by quitclaim deed, the defendants had no interest in the litigation. The trial court denied such motion and despite plaintiffs' renewed objections to the contrary, permitted defendants to defend against the allegations of the petition. A trial on the merits resulted in a decision adverse to plaintiffs which decision was affirmed in Wright v. Doe, 50 Ill App2d 458, 200 NE2d 370.

In response to the complaint alleging them to be guilty of maintenance, defendants filed alternative motions supported by affidavits under sections 45 and 48, chapter 110, Ill Rev Stats (1965). Such motions alleged that the complaint did not set forth facts from which it could be concluded defendants had no interest in the prior litigation, that the issues raised by the complaint were res judicata and that the failure of the previous litigation to terminate in favor of plaintiffs was a bar to the present action.

Plaintiffs in seeking to reverse the decision of the trial court argue defendants had no interest in the subject matter, the issues raised are not res judicata and the outcome of the previous litigation is immaterial.

■ ■ We believe the trial court properly dismissed the complaint. Maintenance consists of officiously intermeddling in a suit in which one has no interest. Neff v. State Bank of Woodstock, 33 Ill App2d 53, 178 NE2d 713. Whether defendants officiously intermeddled in a suit in which they had no interest was not and could not have been an issue in the prior litigation. Consequently the doctrine of res judicata is not applicable. This does not mean that the judgment in the prior litigation is not without effect. To the extent any of the elements necessary for the plaintiffs to succeed in the present action were determined in the prior litigation such determination operates as an estoppel against the reassertion or relitigation of the same issue. Barry v. Commonwealth Edison Co., 374 Ill 473, 29 NE2d 1014, and Hoffman v. Hoffman, 330 Ill 413, 161 NE 723. Although lack of interest in the subject matter of the prior litigation is only one of the elements upon which plaintiffs' present action is based, such issue was determined adversely to plaintiffs in the prior litigation. That decision now being final, plaintiff is precluded from relitigating this issue.

■■■

■ When the trial court dismissed the complaint, it awarded defendants $300 as attorney's fees under section 41, chapter 110, Ill Rev Stats (1965). The allowance of such fees was thereafter vacated by the trial court and defendants have not elected to perfect any cross appeal from such order. However, they have moved in this court for the allowance of attorney's fees. The Statute provides the costs assessable thereunder are ". . . to be summarily taxed by the court at the trial." In our opinion section 41, chapter 110, Ill Rev Stats (1965), contemplates that the allowance of any relief pursuant thereto is within the province of the trial court only. Accordingly the motion for the allowance of attorney's fees is denied.

For the foregoing reasons the judgment of the Circuit Court of LaSalle County is affirmed.

Judgment affirmed.

ALLOY, P. J. and CULBERTSON, J., concur.