J. MICHAEL MADDA, Plaintiff-Appellant, *v.* RELIANCE INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 76-321

Opinion filed September 21, 1977.

Sidney S. Schiller, of Schiller and Schiller, and John F. Martoccio, both of Chicago, for appellant.

Jerome M. Brooks and Edward A. Seyk, both of Chicago, for appellees.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court: This is a tort action for abuse of process and malicious use of process (malicious prosecution) brought by Attorney J. Michael Madda for the malicious institution of proceedings before the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois (see Illinois Supreme Court Rule 751 *et seq*. (Ill. Rev. Stat. 1975, ch. 110A, par. 751 *et seq*.)). The defendants, Reliance Insurance Company (hereinafter Reliance) and Robert H. Reid, moved to dismiss the complaint for failure to state a cause of action. At the conclusion of the proceedings on the motion to dismiss, the circuit court dismissed the complaint by adopting the position of the Supreme Court of New Jersey that a complaint before the ethics and grievance committee of the Bar is absolutely privileged and cannot be the basis for a malicious prosecution suit or similar action (*Toft*

*v. Ketchum* (1955), 18 N.J. 280, 113 A.2d 671, *aff'd on rehearing* (1955), 18 N.J. 611, 114 A.2d 863, *cert. denied* (1955), 350 U.S. 887, 100 L. Ed. 782, 76 S. Ct. 141). Electing to stand on his complaint, Madda now seeks reversal of the order dismissing the suit.

Madda is an attorney-at-law licensed to practice in the State of Illinois and specializing in the handling of workmen's compensation claims. Reliance is an insurance carrier covering employers subject to liability under the Workmen's Compensation Act, and Reid is an agent of Reliance. In his practice before the Industrial Commission of the State of Illinois, Madda often represented persons seeking monetary awards from employers covered under insurance contracts with Reliance. In October 1974 Madda was retained to represent George Damas, an employee of one of the Reliance insurance accounts. At that time a "strained relationship" had developed between Madda and Reliance due to frequent adversary encounters in cases before the Industrial Commission.

The complaint, filed in this case by the appellant, alleges that in April 1975 Reliance, by and through its agent, Reid,

> "* * * without any reason or cause, and merely because of the fact that Plaintiff had in the past successfully prosecuted matters in which Reliance Insurance Company was the insurer * * *, maliciously and for the purpose of injuring [Madda] in his profession and injuring his standing before the Industrial Commission, did file a complaint before the Attorney Registration Commission of the Supreme Court of Illinois."

It further states that the disciplinary complaint filed by Reid alleged that Madda had filed Damas' claim before the Industrial Commission without authority, that he caused Damas' signature to be fraudulently affixed to the application for adjustment of claim, and that he had solicited Damas' case. According to Madda, these allegations were known by the defendants to be false or, upon reasonable investigation, they could have determined that they were false. On June 19, 1975, the Inquiry Board of the Attorney Registration and Disciplinary Commission dismissed the complaint against Madda.

Madda claims to have been injured by Reliance and Reid in that he was forced to neglect his law practice to respond to the charges filed against him before the Inquiry Board, and, he further claims that the filing of the disciplinary complaint affected his health and caused him to be nervous and anxious. Madda also alleges that he suffered pain of mind and body and spent sleepless nights as a result of the complaint. He further alleges that his professional reputation was injured "among lawyers and among the Arbitrators and Commissioners of the State Industrial Commission." For these injuries Madda seeks actual and exemplary damages totaling $600,000.

■■ As we stated at the outset, the trial court dismissed this matter by adopting the absolute privilege position enunciated in *Toft v. Ketchum*. This court recently has declined to rule on the adoption of the New Jersey position for Illinois, choosing rather to affirm the dismissal of a cause, similar to the cause in this case, on the basis of other defects found in the complaint. (*Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 351 N.E.2d 285.) Since the reason assigned by the trial court in this case is immaterial if the order dismissing the complaint was proper on other grounds (*Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 149 n. 1, 351 N.E.2d 285, 288 n. 1; *Cady v. Hartford Fire Insurance Co.* (1965), 56 Ill. App. 2d 429, 206 N.E.2d 535), we do not decide in this case whether an absolute privilege attaches to the filing of ethics charges before the Registration and Disciplinary Commission.

■■ Madda's complaint concerns either malicious use of process or abuse of process, or both. Consequently, the complaint was properly dismissed if it fails to allege the essential elements of at least one of the two torts.

■■■ Under Illinois law a complaint for malicious use of process also known as malicious prosecution (see *Ammons v. Jet Credit Sales, Inc.*, (1962), 34 Ill. App. 2d 456, 181 N.E.2d 601), requires the allegation of five distinct elements:

"1. Institution and prosecution of judicial proceedings by the defendant.

2. Lack of probable cause for these proceedings.

3. Malice in instituting the proceedings.

4. Termination of the prior cause in plaintiff's favor.

5. Suffering by plaintiff of damage or injury from the prior proceeding." (*Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 282 N.E.2d 452.)

(See also *March v. Cacioppo* (1962), 37 Ill. App. 2d 235, 185 N.E.2d 397; 25 Ill. L. & Prac. *Malicious Prosecution* §11, at 571 (1956).) In *Smith v. Michigan Buggy Co.* (1898), 175 Ill. 619, 627, 51 N.E. 569, our supreme court held in reference to the fifth element listed above that:

"* * * an action for malicious prosecution of a civil suit without probable cause will not lie where the process in the suit so prosecuted is by summons only, and is not accompanied by arrest of the person, or seizure of the property, or other special injury not necessarily resulting in all suits prosecuted to recover for like causes of action."

See also *Norin v. Scheldt Manufacturing Co.* (1921), 297 Ill. 521, 130 N.E.791; *Siegel v. City of Chicago* (1970), 127 Ill. App. 2d 84, 261 N.E.2d 802; *Ammons v. Jet Credit Sales, Inc.*

■■ Apart from allegations of injury necessarily resulting from the

filing of all disciplinary charges before the commission—anxiety, sleepless nights, loss of time from work, etc.—for which no claim of special injury can be made, Madda argues that he has adequately alleged special injury by stating that his reputation and standing as a workmen's compensation lawyer have been impaired as a result of the defendants' malicious complaint to the Attorney Registration and Disciplinary Commission. In *Alswang* this court noted that an allegation of injury to the reputation of an attorney would not amount to special damage in view of the attorney's power to control the confidentiality of commission proceedings while a complaint is under investigation (Supreme Court Rule 766 (Ill. Rev. Stat., 1975, ch. 110A, par. 766).) We do not agree with Madda's argument that a different rule should apply to a lawyer specializing in workmen's compensation matters, and consequently, there can be no claim of special injury upon the facts alleged in the instant complaint. Accordingly, Madda has failed to state a cause of action for the malicious use of process. Since we hold that special injury has not been pleaded, we do not consider it necessary to express an opinion as to the sufficiency of the remaining allegations for the other necessary elements of the tort.

■■■ Unlike malicious use of process, the tort of abuse of process consists in only two elements: "First, the existence of an ulterior purpose; and second, an act in the use of the process not proper in the regular prosecution of the proceeding." (*Bonney v. King* (1903), 201 Ill. 47, 66 N.E. 377; see also *Keithley v. Stevens* (1909), 238 Ill. 199, 87 N.E. 375; *March v. Cacioppo; Ammons v. Jet Credit Sales, Inc.*) While it is questionable whether or not any process has issued on the facts before this court (see *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 282 N.E.2d 452, wherein "process" is defined as "any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property"), it is beyond question that Madda was never required to do anything outside the legitimate purview of the attorney disciplinary procedures. In fact, the charges against Madda were dismissed by the Inquiry Board upon its receipt of his letter responding to the defendants' charges. Since there has been no further allegation of the use of process apart from the mere filing of the disciplinary charges, we hold that the complaint fails to state a cause of action for abuse of process.

Therefore, because the complaint fails to state the necessary elements for either cause of action, the judgment of the Circuit Court of Cook County dismissing this matter is affirmed.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.