JACK SAVAGE, Plaintiff-Appellant, *v.* RANDOLPH SEED, Defendant-Appellee.—(DAVID SCHOENSTADT, Defendant.)

First District (5th Division)   No. 78-1543

Opinion filed February 1, 1980.

Joel J. Bellows and Charles B. Bernstein, both of Bellows & Associates, of Chicago, for appellant.

Allan M. Resnick, of Ellis, Cooper & Resnick, Ltd., of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Jack Savage, appeals from the dismissal of four counts of his amended complaint, in which he sought damages from defendant, Randolph Seed, for: malicious prosecution; malicious and oppressive frustration of the collection of a debt; conspiracy with co-defendant, David Schoenstadt, to frustrate the collection of a debt; conspiracy to commit the tort of maintenance as well as the commission of that tort; and slander. Three counts against Schoenstadt had previously been dismissed, and he is not involved in this appeal. Seed moved for the dismissal of the amended complaint on various grounds. The motion was granted and Savage appealed, contending that each of the four counts sufficiently stated a cause of action. We affirm in part. The pertinent facts follow.

Prior to the filing of the within action, Seed was sued in Illinois by his brokerage firm for recovery of commodities trading debts and filed a third-party action against Savage. Schoenstadt was sued in California by his brokerage firm and filed a cross-complaint against Savage and the brokerage firm. Thereafter, on August 12, 1976, Savage filed his original six-count complaint in the instant action against both Seed and Schoenstadt. Savage alleged that Seed's third-party action constituted malicious prosecution, wilful frustration of the collection of a debt, and the tort of maintenance. Seed's third-party action was still pending when Savage initiated the instant action. Savage's complaint was therefore dismissed upon Seed's motion, and Savage was given leave to file an amended complaint.

The amendment to Savage's complaint, filed on March 18, 1977, alleged that Seed had settled the litigation with his brokerage firm but refused to dismiss the third-party action against Savage. Savage also added a seventh count, alleging that he had been defamed by statements made by Seed to Schoenstadt and Schoenstadt's attorneys. Seed again moved to dismiss the complaint. While his motion was pending, Seed voluntarily dismissed his third-party action against Savage. As a result, Savage filed a second amendment to his complaint, adding counts VIII, IX, X and XI, which were identical to the four counts in his amended complaint, except for the addition of the allegations that Seed had voluntarily dismissed his third-party complaint against Savage. The parties agreed to the entry of an order which dismissed all but the four new counts in the second amendment to the complaint, and Seed's motion to dismiss was allowed to stand as to those remaining counts. Following a hearing, Seed's motion to dismiss counts VIII, IX, X and XI was granted. Savage has appealed from the dismissal order.

Opinion

I

The trial court dismissed Savage's malicious prosecution claims, counts VIII and IX, on the grounds that he did not plead special damages and that he did not receive a favorable judicial determination in Seed's third-party action against him. Savage does not challenge the trial court's findings regarding special damages, but does contend that Seed's voluntary dismissal of the third-party action was a sufficient termination in Savage's favor to support his malicious prosecution action against Seed. We find the allegations of counts VIII and IX to be inadequate in both regards.

■■ To sustain a cause of action for malicious prosecution, a complaint must contain the following allegations: (1) that the present defendant had initiated and pursued a judicial proceeding against the present plaintiff; (2) that the original action was brought maliciously and without probable cause; (3) that the original action terminated in the present plaintiff's favor; and (4) that injury resulted to the present plaintiff. *Madda v. Reliance Insurance Co.* (1977), 53 Ill. App. 3d 67, 368 N.E.2d 580; *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 282 N.E.2d 452.

■■ ■ The special injury required in a malicious prosecution action is injury "over and above the ordinary expense and trouble attendant upon the defense of an ordinary civil suit." (*Schwartz v. Schwartz* (1937), 366 Ill. 247, 252, 8 N.E.2d 668, 671.) Savage alleges that he has suffered emotional distress which has left him "unable to attend to his occupation" and that he has incurred liabilities for attorneys' fees and costs in defending the third-party action. Such injuries are common to all litigation and are not sufficient to sustain a cause of action for malicious prosecution. *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 381 N.E.2d 1367; *Caspers v. Chicago Real Estate Board* (1965), 58 Ill. App. 2d 113, 206 N.E.2d 787.

■■ Although the absence of special damages alone supports the dismissal of counts VIII and IX, we will consider Savage's contention that the third-party action against him terminated in his favor. We agree with Savage's observation that there is no Illinois case directly on point. However, we are of the opinion that there is sufficient authority to conclude that Seed's voluntary dismissal of his third-party complaint did not constitute a termination of that action in Savage's favor, notwithstanding Savage's citations of authority to the contrary from other jurisdictions.

The requirement of a favorable legal termination in the prior action against the present plaintiff is a long-standing one (see, *e.g., Bonney v. King* (1903), 201 Ill. 47, 66 N.E. 377), which arises from the policy that "courts should be open to litigants for the settlement of their rights

without fear of prosecution for calling upon the courts to determine such rights." (*Schwartz v. Schwartz* (1937), 366 Ill. 247, 250, 8 N.E.2d 668, 670.) While the various jurisdictions are not uniform in applying the rule to cases terminated without a hearing on the merits (54 C.J.S. *Malicious Prosecution* §24 (1948)), it appears that Illinois does require an actual adjudication on the merits of the initial action.

In *March v. Cacioppo* (1962), 37 Ill. App. 2d 235, 246, 185 N.E.2d 397, 402, the court noted that there are four principal reasons for requiring a favorable determination in the original action: (1) to show a lack of probable cause for bringing the action; (2) to avoid a collateral attack on a previous judgment; (3) to show that damages were suffered; and (4) to avoid securing recovery for the bringing of an action which another court may eventually find to be well brought. The only reasons relevant here are the first and the fourth.

There is general agreement among all jurisdictions that the termination of a civil proceeding without a final adjudication is not evidence of a lack of probable cause because there is no preliminary determination, as in a criminal action, of the sufficiency of the evidence to justify the suit. (Prosser, Torts §120, at 855 (4th ed. 1971).) This general rule has apparently been adopted by the courts of this State.

*Siegel v. City of Chicago* (1970), 127 Ill. App. 2d 84, 261 N.E.2d 802, upon which the court below based the dismissal of counts VIII and IX, discussed at length the legal termination rule in the context of probable cause. In *Siegel*, the defendant's counterclaim for malicious prosecution was dismissed on the pleadings. In affirming the dismissal, the appellate court found the counterclaim to be insufficient because there were no special damages and because the counterclaimant did not receive a favorable termination in the original action. The original action had been involuntarily dismissed for failure to allege a cause of action. While noting that under Supreme Court Rule 273 (Ill. Rev. Stat. 1969, ch. 110A, par. 273), the dismissal was an adjudication on the merits, the court stated:

> "We believe that the legal termination requirement necessitates a judgment which deals with the factual issue of the case, whether the judgment be rendered after a trial or upon motion for summary judgment. However, it is not sufficient to simply obtain a dismissal of the opponents' complaint, for such dismissal need bear no logical relationship to the legitimacy of the assertions contained therein; therefore, such dismissal lends no credence to the claim that the assertions [in the original complaint] were baseless." 127 Ill. App. 2d 84, 108, 261 N.E.2d 802, 814.

Although the instant case differs from *Siegel* in that here there was a voluntary dismissal of the initial action, we agree with the court in *Siegel*

that a decision not on the merits of the original case cannot logically indicate a lack of probable cause in initiating that proceeding.

Other cases besides *Siegel* indicate that it is a decision on the merits rather than the kind of termination of the prior action which is relevant to determining the probable cause element. In *Bonney v. King,* for example, there was no indication of the manner of dismissal, but the favorable termination rule was applied nonetheless, and the malicious prosecution action was dismissed. Similarly, in *Schwartz v. Schwartz* the settlement of the original dispute was not considered a favorable disposition which would support a malicious prosecution action, for the payment of the settlement itself was seen as evidence of probable cause for the prior suit. (366 Ill. 247, 252, 8 N.E.2d 668, 670.) Furthermore, in *Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 365 N.E.2d 1191, after finding a complaint for malicious prosecution to be inadequate on other grounds, the court went on to comment on the favorable termination rule, referring to the necessity of "a judicial determination of the factual issues ° ° °." 50 Ill. App. 3d 1033, 1039, 365 N.E.2d 1191, 1195.

In addition to the probable cause considerations, we believe that section 52 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 52), which governs voluntary dismissals, lends further support to Seed's contention that a voluntary dismissal cannot constitute a favorable termination for purposes of establishing a cause of action for malicious prosecution.

Section 52(1) allows for the voluntary dismissal of an action, without prejudice, at any time before trial or hearing begins. After the start of trial or hearing, the action may be dismissed only on terms set by the court either upon the filing of a stipulation signed by the defendant or on a motion supported by affidavit or other evidence and stating the ground for dismissal. Section 52(1) is equally applicable to plaintiffs, counterclaimants and third-party plaintiffs. Ill. Rev. Stat. 1977, ch. 110, par. 52(2).

Section 52 thus provides a litigant the opportunity to dismiss an action without being foreclosed from bringing the action at another time. Because the action may be reinstituted, to allow the voluntary dismissal to form the basis for a malicious prosecution action could allow a person to recover for the bringing of an action which may eventually be found to be well-brought. Moreover, to subject a party to prosecution for exercising his rights under section 52 would be to create precisely the stifling effect on free access to the courts which the favorable determination rule was designed to avoid. (See *Schwartz v. Schwartz.*) At the same time it would tend to encourage the filing of malicious prosecution actions by relaxing

the requirements and thus expanding the scope of the action. Such a result would be 'inconsistent with this State's policy which does not look favorably on malicious prosecution actions. *Schwartz v. Schwartz; Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 381 N.E.2d 1367.

Accordingly, we conclude that a voluntary dismissal which does not adjudicate the merits of the claim involved is not a favorable judicial termination of an action which can support a subsequent claim of malicious prosecution. *Reell v. Petritz* (1922), 224 Ill. App. 65, the only Illinois authority cited by Savage, does not alter our conclusion. In *Reell*, the State's Attorney had voluntarily dismissed the original larceny charges after two hearings and Reell brought the malicious prosecution action against the complaining witness. While that action was pending, the State's Attorney obtained an indictment charging Reell with larceny. The court held that the original prosecution had terminated favorably for the purposes of bringing the malicious prosecution action against the complaining witness, who had instigated the first criminal proceeding but not the second. The court based its decision on matters which are peculiar to criminal prosecutions and is therefore not here applicable.

Counts VIII and IX having failed to plead the necessary elements of special damages and a favorable termination in the prior action, we find that they were properly dismissed.

## II

■■ Savage next contends that count X of his second amended complaint states a cause of action in maintenance and conspiracy to commit maintenance. Maintenance is the officious intermeddling of a person in a lawsuit in which he is not a party and has no interest, by maintaining either party, financially or otherwise, with a view toward promoting litigation. (*Brandow v. Interstate Bond Co.* (1968), 91 Ill. App. 2d 215, 233 N.E.2d 579.) Savage's claim of maintenance by Seed is necessarily based on Schoenstadt's cross-complaint in California against Savage, the only one of the several lawsuits mentioned in the complaint in which Savage was a party while Seed was not.

■■ Savage alleges, in essence, that Seed and Schoenstadt agreed that either Seed would not request reimbursement from Schoenstadt for expenses incurred in Seed's testifying in California, or Schoenstadt would pay Seed's expenses. This portion of their agreement would have to have been performed in California, where the case was pending, and whether or not the alleged agreement is actionable must therefore be determined under California law. 14 C.J.S. *Champerty and Maintenance* §4 (1939).

The California courts have repeatedly and emphatically held that California has never adopted the common law doctrines of champerty and maintenance (*Muller v. Muller* (1962), 206 Cal. App. 2d 731, 23 Cal.

Rptr. 900; *Cain v. Burns* (1955), 131 Cal. App. 2d 439, 280 P.2d 888; *In re Cohen's Estate* (1944), 66 Cal. App. 2d 450, 152 P.2d 485), and we find no statutory provision which would allow Savage to bring an action for maintenance.

■■ Furthermore, an agreement to pay a witness' expenses for testifying would not constitute maintenance, even if California recognized such a cause of action. In *Crutchfield v. Davidson Brick Co.* (1942), 55 Cal. App. 2d 34, 38, 130 P.2d 183, 185, the court acknowledged the practice of paying witnesses amounts greater than those allowed by statute. While stating that the practice "is not to be commended," the court did not prohibit the practice. On the contrary, it went on to state:

> "If testimony by witnesses who have received extra-legal compensation is to be received, liberal cross-examination should be permitted by the trial court on the subject of the compensation to enable the jury to better pass upon their credibility." (55 Cal. App. 2d 34, 38, 130 P.2d 183, 185.)

In *Credit Bureau of San Diego, Inc. v. Johnson* (1943), 61 Cal. App. 2d Supp. 834, 142 P.2d 963, the court held that a witness may not receive fees in excess of the amount provided by statute, unless there is an express agreement with the witness. The court indicated no disdain for, or disapproval of, the making of such an agreement. Therefore, the agreement alleged by Savage in count X does not state a cause of action in maintenance.

### III

Savage also contends that count XI of his complaint, which alleges defamation, was improperly dismissed for failure to plead special damages. We agree.

Count XI alleges that Savage is a commodity trader and analyst who had enjoyed a good reputation in the community futures industry throughout the country. It further alleges that in the summer of 1976 Seed told Schoenstadt and Schoenstadt's attorney that Savage had defrauded him by misrepresenting his expertise, by referring Seed's account to a broker who was secretly Savage's employee and who did not execute Seed's orders promptly, and by advising Seed to buy coffee futures while Savage was secretly selling coffee for his own accounts. Savage further alleges that the statements were false, that they were intentionally made to injure his name, credit and reputation in the commodity futures industry, and that they did have that effect.

■■ ■ Words can be actionable as slander per se without resulting in special damages if they fall into one of the following categories: (1) words imputing the commission of a criminal offense; (2) words imputing infection with a communicable disease which, if true, would cause a

person's exclusion from society; (3) words imputing lack of ability or integrity in the performance of a person's duties or employment; and (4) words prejudicing a party in his particular profession or trade. (*Whitby v. Associates Discount Corp.* (1965), 59 Ill. App. 2d 337, 207 N.E.2d 482.) We disagree with Seed's contention that nothing indicates that Savage was engaged in the commodity futures industry because he was not a broker. The pleadings show Savage to be a trader and analyst within the industry, and the statements allegedly made by Seed both impute a lack of integrity and tend to prejudice him within the industry. Accordingly, they are actionable without pleading special damages.

Seed also maintains that the statements were privileged as communications made relating to his third-party action against Savage. However, we note that the words which Savage claims to be slanderous were stated in 1976, while the words on which Seed bases his privilege were made several years earlier. Thus, Seed's claim of privilege is unfounded.

We therefore find that count XI stated a cause of action in slander per se and should not have been dismissed.

## IV

In summary, counts VIII, IX and X were properly dismissed, while count XI should have been allowed to stand. Consequently, the order of the circuit court of Cook County dismissing counts VIII, IX and X is affirmed. The order is reversed as to count XI, which is remanded to the trial court for further proceedings.

Affirmed in part; reversed in part and remanded.

SULLIVAN, P. J., and WILSON, J., concur.