Howell H. SHERROD, Jr., Plaintiff,

v.

PIEDMONT AVIATION, INC.,
Defendant.

No. CIV–2–79–213.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 3, 1980.

Dick L. Johnson, and Howell H. Sherrod, Jr., Johnson City, Tenn., for plaintiff.

David W. Blankenship, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This lawsuit is a continuation in a different context of the basic issues decided by a jury in no. CIV–2–77–179, this district, which is now pending on appeal. The plaintiff Howell H. Sherrod, Esq., a member of the bar of this Court, claims additional damages from the defendant Piedmont Aviation, Inc. (Piedmont) for abuse of process, false arrest, malicious prosecution, outrageous conduct and gross negligence. He claims malice toward him on the part of Piedmont's personnel and representatives. Trial was to the Court on October 28–29, 1980.

Piedmont is a scheduled air carrier. Mr. Sherrod was a paying passenger on its flight no. 602 on October 27, 1977. Before that flight departed Chicago, Illinois for Tri-Cities, Tennessee, Mr. Sherrod was arrested on a state's (warrant) criminal complaint and removed from Piedmont's airplane on a charge of disorderly conduct (a misdemeanor). He was found guilty in absentia of this charge, but that judgment of conviction was vacated and trial was assigned (or reassigned (?)) for August 16, 1978.

On the latter date, Mr. Sherrod appeared in the appropriate court in Illinois at which time and place it was discovered that the aforementioned complaint of October 27, 1977 was missing from the court files. Michael Layne, Esq., an attorney for Piedmont, spoke to Mr. Sherrod pretrial and offered him $500 in settlement by compromise of Mr. Sherrod's claims in the aforementioned no. CIV–2–77–179. He told Mr. Sherrod that, if this offer was rejected, Mr. Sherrod would be prosecuted under a substituted complaint for disorderly conduct.

Mr. Sherrod refused the offer of compromise settlement mentioned; a valid criminal complaint was issued charging him with disorderly conduct on the first aforementioned date; he entered a plea of not guilty; a trial was conducted as a result of which Mr. Sherrod was found guilty of that misdemeanor and placed under probationary supervision * for a period designed by the trial judge to extend beyond the date(s) of trial in the earlier civil action between these parties; and, at the end of that period, on January 2, 1979, Mr. Sherrod became eligible for a refund of the cost bond he had posted sometime earlier and was released from supervision. It is out of the foregoing events that Mr. Sherrod's current claim arises.

The plaintiff cannot prevail on his claim that his prosecution was maliciously commenced and carried forward on behalf

---

* " * * * The [C]ourt may, upon * * * a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant if the defendant is not charged with a felony and having regard for the circumstances of the offense, and the history, character and condition of the offender, the [C]ourt is of the opinion that:

  "(1) the offender is not likely to commit further crimes;

"(2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and

"(3) in the best interest of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code.

  *   *   *   *   *   *

38 Illinois Criminal Code § 1005–6–1(c).

of the defendant; the prosecution of Mr. Sherrod did not terminate in his favor. *See Schwartz v. Schwartz* (1937), 366 Ill. 247, 8 N.E.2d 668, 112 A.L.R. 325. The arrest and constructive imprisonment of Mr. Sherrod (*viz.*, his being under the restraint of supervision) was under legal authority; therefore, such arrest and imprisonment were not false, and he cannot prevail on his claim of false imprisonment. *See Liogas v. Lowenguth*, C.A.Ill. (1919), 215 Ill.App. 216.

Furthermore, the plaintiff cannot prevail on his claim that the personnel of the defendant were guilty of outrageous conduct. There is no showing that such conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency as an element of that tort requires. *See Debolt v. Mutual of Omaha*, C.A.Ill. (1978), 56 Ill.App.3d 111, 13 Ill.Dec. 656, 371 N.E.2d 373, 375[2]. He states no claim of actionable gross negligence herein upon which relief can be granted in this Court. Rule 12(b)(6), Federal Rules of Civil Procedure.

Mr. Sherrod's claim of damages for the alleged abuse by the defendant of process is more troublesome than any of the foregoing claims. As noted, the defendant caused the substituted process to be issued against Mr. Sherrod because he would not settle his lawsuit against the defendant on its terms. The elements of that tort in Illinois are the existence of an ulterior purpose or motive by the defendant and some act in the use of the legal process which is not proper in the regular prosecution of the proceedings. *Holiday Magic, Inc. v. Scott*, C.A.Ill. (1972), 4 Ill.App.3d 962, 282 N.E.2d 452, 455[2], citing and quoting from the leading case of *Bonney v. King* (1903), 201 Ill. 47, 51, 66 N.E. 377.

The institution of the second complaint against Mr. Sherrod at the behest of the defendant's attorney was undoubtedly with a malicious intent or motive; but this, itself, does not constitute an abuse of process. *Holiday Magic, Inc. v. Scott, supra*, 282 N.E.2d at 456[3]. " * * * That action lies for the improper use of process after it has been issued not for maliciously causing process to be issued. * * * " *Bonney v. King, supra*, 66 N.E. at 378 (headnote 4).

There is no showing of any improper use of the criminal complaint after it was caused by the defendant to be issued; an assistant state's attorney prosecuted Mr. Sherrod with the lawful object of precipitating his conviction which it was intended by the law to effect. Thus, there is not stated by the plaintiff a claim of abuse of process on which relief can be granted under Illinois law.

For all such reasons, the Court hereby FINDS for the defendant Piedmont Aviation, Inc. and against the plaintiff Howell H. Sherrod, Esq. Rule 58(1), Federal Rules of Civil Procedure.