164 Ill. App.3d 851 (1987)
518 N.E.2d 328
ROBERT A. WITHALL, Plaintiff-Appellee,
v.
CAPITOL FEDERAL SAVINGS OF AMERICA, f/k/a Capitol Federal Savings & Loan Association, Defendant-Appellant.
No. 86-3025.
Illinois Appellate Court  First District (1st Division).
Opinion filed December 14, 1987.
*852 Neal R. Novak, of McNeela & Griffin, Ltd., and Raymond J. Ostler, of Gomberg & Sharfman, both of Chicago, for appellant.
Timothy J. McGonegle, of Ashcraft & Ashcraft, Ltd., of Chicago, for appellee.
Reversed and remanded.
*853 JUSTICE O'CONNOR delivered the opinion of the court:
This is an interlocutory appeal pursuant to Supreme Court Rule 308. (107 Ill.2d R. 308.) Two issues have been certified for appeal: (1) Does the granting of a section 2-611 motion (Ill. Rev. Stat. 1983, ch. 110, par. 2-611) satisfy the "commencement of an original proceeding" and "favorable termination" requirements necessary for stating a cause of action for malicious prosecution when the underlying action had been voluntarily dismissed? (2) Does the two-year limitation period for malicious prosecution (Ill. Rev. Stat. 1985, ch. 110, par. 13-202) run from the date that the appellate court affirms a trial court's section 2-611 award?
Plaintiff Robert Withall worked as a loan officer for defendant Capitol Federal Savings of America (Capitol Federal) from 1976 to 1979. He was terminated in 1979 for reasons not related to the present case. Thereafter, Capitol Federal learned of problems involving a large commercial loan approved by Withall as a member of the bank's loan committee. Capitol Federal confronted Withall with charges that certain loan documents which he had handled during the transaction were missing. Withall denied hiding or removing the documents.
On July 11, 1980, Capitol Federal brought suit against Withall and various other defendants, alleging a conspiracy and scheme to defraud Capitol Federal. (Capitol Federal Savings & Loan Association v. Union Realty Mortgage Co., No. 80 L 16240.) On May 23, 1983, the case was settled and dismissed with prejudice as to all the other defendants and voluntarily dismissed without prejudice as to Withall. On June 17, 1983, Withall filed a section 2-611 motion for fees and costs based on the fact that Capitol Federal's allegations against Withall were untrue and made without reasonable cause. The trial court granted the motion on December 23, 1983, and Capitol Federal appealed.
On November 21, 1984, Withall filed a five-count complaint alleging libel and abuse of process based on the section 2-611 award. The gist of the action was that Capitol Federal had libelled Withall by filing the Union Realty suit and had otherwise abused process. That complaint was dismissed and the dismissal affirmed by this court in Withall v. Capitol Federal Savings of America (1987), 155 Ill. App.3d 537, 508 N.E.2d 363.
On September 16, 1985, we affirmed the trial court's grant of the section 2-611 award in the appeal taken by Capitol Federal in the original suit. On January 8, 1986, Withall filed a one-count complaint for malicious prosecution against Capitol Federal, basing the suit on *854 the section 2-611 award. Capitol Federal's motion to dismiss was denied and it now brings this appeal.
 1, 2 The elements for stating a cause of action for malicious prosecution are: "`(1) the commencement or continuance of an original * * * judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff.'" (Joiner v. Benton Community Bank (1980), 82 Ill.2d 40, 45, 411 N.E.2d 229, quoting Ritchey v. Maksin (1978), 71 Ill.2d 470, 475, 376 N.E.2d 991.) Plaintiff here based his argument on the first two elements, claiming that his section 2-611 petition constituted a continuation of an original proceeding and that this court's affirmance of the section 2-611 award constituted termination in his favor.
Illinois does not look with favor on malicious prosecution suits (Schwartz v. Schwartz (1937), 366 Ill. 247, 8 N.E.2d 668; Lyddon v. Shaw (1978), 56 Ill. App.3d 815, 372 N.E.2d 685), and our courts have construed these requirements strictly. In our view, Withall's complaint fails to state a cause of action for malicious prosecution.
The first requirement of a cause of action for malicious prosecution is that a suit be commenced or continued against the party who claims that he was maliciously prosecuted. Since an original judicial proceeding can never be commenced under section 2-611, the question is whether the filing of a section 2-611 motion after the original action has been voluntarily dismissed constitutes the continuation of an original proceeding.
 3 At the time this suit was filed, section 2-611 of the Illinois Code of Civil Procedure provided:
"Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." (Ill. Rev. Stat. 1983, ch. 110, par. 2-611.)
Although a section 2-611 award is necessarily tied to allegations and denials made by a litigant who pleads false or frivolous matter, it is clear that a finding under the provision of the section requires an independent determination distinct from any previous judgment or order entered in the suit. (Murczek v. Powers Label Co. (1975), 31 Ill. App.3d 939, 943, 335 N.E.2d 172.) As such, it has been held to be a separate claim within the meaning of Supreme Court Rule 304(a) and *855 may pend wholly apart from a determination of the merits of the underlying case. Village of Oak Lawn v. Human Rights Comm'n (1985), 133 Ill. App.3d 221, 225-26, 478 N.E.2d 1115, appeal denied (1985), 108 Ill.2d 572; Hise v. Hull (1983), 116 Ill. App.3d 681, 684, 452 N.E.2d 372.
Here, the plaintiff filed his section 2-611 petition within 30 days after Capitol Federal had voluntarily nonsuited him. It was not brought as part of a responsive pleading (cf. Hise v. Hull (1983), 116 Ill. App.3d 681, 684, 452 N.E.2d 372) but was brought as a separate action. The resolution of the motion required a separate hearing and finding independent of the initial suit, which had been terminated. While the section 2-611 motion was part of the proceeding, it was not a continuation of Capitol Federal's prosecution of Withall. Although the motion bore the same case number and involved the same parties, it was filed after the dismissal of the original suit and thus constitutes a separate action.
An additional aspect of the first element of malicious prosecution is that the original action must have been prosecuted to its termination by the current defendant in the malicious prosecution action. Even if we had found that the section 2-611 motion was a continuation of the original suit, it was not a proceeding originated or commenced by Capitol Federal and thus does not satisfy the criterion for stating a cause of action for malicious prosecution. Schwartz v. Schwartz (1937), 366 Ill. 247, 250, 8 N.E.2d 668; Madda v. Reliance Insurance Co. (1977), 53 Ill. App.3d 67, 70, 368 N.E.2d 580, appeal denied (1978), 67 Ill.2d 592.
The second requirement of a cause of action for malicious prosecution is that the party alleging malicious prosecution must show that the underlying action was terminated in its favor. (Executive Commercial Services, Ltd. v. Daskalakis (1979), 74 Ill. App.3d 760, 766, 393 N.E.2d 1365, cert. denied (1980), 446 U.S. 967, 64 L.Ed.2d 826, 100 S.Ct. 2945; Siegel v. City of Chicago (1970), 127 Ill. App.2d 84, 107-08, 261 N.E.2d 802, appeal denied (1970), 44 Ill.2d 586.) The requirement of favorable legal termination in the prior action is based on the policy that "`courts should be open to litigants for the settlement of their rights without fear of prosecution for calling upon the courts to determine such rights.'" (Savage v. Seed (1980), 81 Ill. App.3d 744, 747-48, 401 N.E.2d 984, quoting Schwartz v. Schwartz (1937), 366 Ill. 247, 250, 8 N.E.2d 668.) Withall's position is that the ruling and judgment on his section 2-611 petition, which found that the allegations made by Capitol Federal were untrue and made without reasonable cause, satisfy the "favorable termination" requirement.
*856  4 The original proceeding in issue here was settled and dismissed with prejudice as to all the defendants except Withall, who was voluntarily dismissed without prejudice. Under the law of Illinois, a voluntary dismissal is insufficient to satisfy the favorable termination requirement. (Bonney v. King (1903), 201 Ill. 47, 66 N.E. 377; Savage v. Seed (1980), 81 Ill. App.3d 744, 748-50, 401 N.E.2d 984.) The "favorable termination" requirement was recently discussed in Executive Commercial Services, Ltd. v. Daskalakis (1979), 74 Ill. App.3d 760, 767, 393 N.E.2d 1365, cert. denied (1980), 446 U.S. 967, 64 L.Ed.2d 826, 100 S.Ct. 2945, in which the court stated:
"[T]he termination requirement must be strictly construed to prevent premature claims of malicious prosecution. Thus, the termination of the prior suit in favor of the plaintiff must be a determination that deals with factual issues. Compromises, voluntary dismissals, and even involuntary dismissals are not such terminations. [Citations.]"
See also Sutton v. Hofeld (1983), 118 Ill. App.3d 65, 68, 454 N.E.2d 681, appeal denied (1984), 96 Ill.2d 571 (dismissal with prejudice does not satisfy favorable termination requirement).
 5 Withall's section 2-611 motion was granted based on the trial court's finding that the allegations pertaining to the removal or concealment of documents, which the court noted were susceptible of direct proof, were untrue or made unreasonably. With respect to Capitol Federal's allegations that Withall participated in a conspiracy to defraud Capitol Federal, the trial court noted that conspiracy is not easy to support by direct proofs. The conspiracy allegations were not raised in plaintiff's section 2-611 motion, nor were they adjudicated on the merits. As the limited finding made by the trial court in granting plaintiff's section 2-611 motion did not constitute adjudication on the merits as required by, e.g., Bonney v. King (1903), 201 Ill. 47, 66 N.E. 377, we find that the original suit was not legally terminated in plaintiff's favor and is therefore not actionable.
We are also not persuaded that motions pursuant to section 2-611 should be used to loosen and expand the requirements of malicious prosecution. Section 2-611 is penal in nature. It is limited in purpose and our courts have repeatedly declined to expand the statute beyond its intended purpose, which is to compensate parties who are forced to defend against frivolous lawsuits. See, e.g., Fewer v. Grant (1982), 111 Ill. App.3d 747, 750, 444 N.E.2d 628, appeal denied (1983), 93 Ill.2d 542; Schnack v. Crumley (1982), 103 Ill. App.3d 1000, 1005, 431 N.E.2d 1364, appeal denied (1982), 91 Ill.2d 565; Sarelas v. Alexander (1971), 132 Ill. App.2d 380, 387, 270 N.E.2d 558.
*857 Here, plaintiff prevailed on his section 2-611 motion and was awarded the appropriate fees. The fact that he may be entitled to a remedy under section 2-611 does not, however, warrant the use of the section 2-611 award as a foundation for a malicious prosecution award when he cannot otherwise meet the requirements for stating such a cause of action.
Having determined that the granting of a section 2-611 motion does not satisfy the "commencement of an original proceeding" and "favorable termination" requirements necessary for stating a cause of action for malicious prosecution when the underlying action had been voluntarily dismissed, we need not determine whether the action was timely filed.
Accordingly, we reverse the decision of the circuit court and remand with directions to grant defendant's motion to dismiss.
Reversed and remanded.
CAMPBELL and BUCKLEY, JJ., concur.