ARTHUR KEITHLEY, Appellant, *vs.* JOHN S. STEVENS *et al.* Appellees.

*Opinion filed February 19, 1909.*

1. CONSPIRACY—*when an attorney cannot recover damages for conspiracy to procure disbarment.* A judgment disbarring an attorney is an adjudication that the material charges of the information were established by truthful evidence, and as long as the judgment remains in force the attorney cannot recover damages for an alleged conspiracy, the purpose of which, according to his charge, was to bring about the entry of that judgment.

2. MALICIOUS ABUSE OF PROCESS—*what elements are essential to action.* The existence of an ulterior purpose and an act in the use of process not proper in the regular course of the proceeding are the elements essential to an action for malicious abuse of legal process; and a declaration in such an action is defective which fails to allege that the process was used for any purpose except that for which the law intended it.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

This is an appeal by Arthur Keithley from a judgment of the Appellate Court for the Second District affirming a judgment of the circuit court of Peoria county for costs

rendered against him in favor of John S. Stevens, Joseph A. Weil, Francis H. Tichenor, Eugene F. Baldwin, William E. Hull and the Peoria Star Company, a corporation, the appellees, in an action on the case instituted by Keithley against the appellees to recover damages for certain acts alleged to have been done by them in and about the prosecution of a suit for his disbarment as an attorney at law.

The declaration, as amended, consisting of three counts, alleges, in substance, that at the time of the commission of the grievances thereinafter complained of the appellant was a regularly licensed attorney in the State of Illinois and that he then had a large and lucrative practice; that on October 1, 1905, there was pending in the circuit court of Peoria county a number of civil suits brought by the appellant against the said Peoria Star Company, Eugene F. Baldwin and William E. Hull to recover damages for libel of the appellant in his said professional capacity, and that there was also pending in said court an indictment against each of the said three defendants in said civil suits; that for the purpose of preventing appellant from recovering more than nominal damages in said civil suits and to prevent a conviction upon said indictments and to punish appellant and to extort money from him the appellees formed a conspiracy to procure the disbarment of appellant; that in pursuance of said conspiracy, and to accomplish the object thereof, the appellees committed and were guilty of barratry, maintenance, bribery, subornation of perjury and perjury; that in collusion with the State's attorney of said county they prepared and filed in the Supreme Court of this State a petition for the disbarment of appellant, and that to accomplish the disbarment appellees provided a large corruption fund, a part of which was paid to the State's attorney and a part to witnesses; that a part of this money was paid to the commissioner before whom the evidence in said disbarment proceeding was taken, and other methods, improper in character, were used to influence him to make a report

unfavorable to appellant, and that he did make a report adverse to appellant; that appellees paid costs of the proceeding and hired witnesses to testify against appellant; that these witnesses testified falsely, and that pursuant to the said report a judgment was entered in the said Supreme Court striking the name of appellant from the roll of attorneys for the State of Illinois, by means of which several premises the appellant was greatly damaged, etc. It is not averred that the commissioner was paid any amount in excess of his proper charges or that his report was not warranted by the evidence introduced.

Appellees interposed demurrers, which upon a hearing were sustained, and appellant elected to abide his declaration. It is contended by him that the circuit court erred in sustaining the demurrers.

ARTHUR KEITHLEY, *pro se.*

JOHN S. STEVENS, JOSEPH A. WEIL, and FRANCIS H. TICHENOR, *pro se;* JOSEPH A. WEIL, for other appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The appellant regards his declaration as one seeking damages for an abuse of the process of this court in the disbarment proceeding against him, resulting from a conspiracy among appellees. The suit to disbar was civil in its character and the process was a rule against the respondent to show cause.

In *Bonney* v. *King,* 201 Ill. 47, we said: "Two elements are necessary to an action for the malicious abuse of legal process: First, the existence of an ulterior purpose; and second, an act in the use of the process not proper in the regular prosecution of the proceeding. (19 Am. & Eng. Ency. of Law,—2d ed.—630, 631.) Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process. The declaration does not aver

either that the plaintiff was arrested or his property seized. The mere institution of civil suits does not constitute a malicious abuse of process. That action lies for the improper use of process after it has been issued,—not for maliciously causing process to be issued." The declaration fails to contain a single averment indicating that process was used for any purpose except the purpose for which the law intended it should be used. · So far as other causes of action suggested by the declaration are concerned, it is not charged that the alleged conspirators did or attempted to do anything that could have resulted in damage to the appellant had a judgment striking his name from the roll of attorneys of this court not been entered. It clearly appears from the declaration that the thing which occasioned the damage was the disbarment. Appellant's pleading states that the judgment of disbarment was entered, and there is no averment but that it is still in full force and effect. That judgment is an adjudication that material testimony offered against appellant in the proceeding to disbar was true and that material charges in the information against him were established by truthful evidence. The judgment imports verity, and so long as it stands appellant cannot be permitted to recover for the alleged conspiracy, the purpose of which, according to his charge, was to bring about the entry of that judgment. (*Dunlap* v. *Glidden*, 31 Me. 435; *Lyford* v. *Demerritt*, 32 N. H. 234.) To permit him to try an issue of fact raised by pleas to his declaration in the suit at bar would be to allow him to re-litigate the question already determined against him in the earlier suit. He cannot recover financial losses occasioned by the entry of a just judgment against him.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*