**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220200-U

Order filed March 6, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| PAUL M. POZNANSKI, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-22-0200 |
| | ) | Circuit No. 21-L-1336 |
| KAROLINA POZNANSKA, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Angelo J. Kappas |
| | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Albrecht and Brennan concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The trial court's dismissals of malicious prosecution and abuse of process claims pursuant to sections 2-619 and 2-615, respectively, are affirmed because the defendant lacked the authority to initiate and prosecute a criminal proceeding and performed no improper acts in the use of legal process.

¶ 2     The plaintiff was charged with domestic battery based on claims made by his ex-wife, but those charges were dismissed after the complaining witnesses failed to appear at trial. The plaintiff then filed a civil complaint against his ex-wife, alleging malicious prosecution and abuse of process. The trial court granted the defendant's section 2-619 motion to dismiss the

malicious prosecution count and section 2-615 motion to dismiss the abuse of process count. Because the plaintiff's complaint failed to make the showings needed to survive dismissal, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In November 2019, plaintiff Paul M. Poznanski was arrested after his ex-wife, defendant Karolina Poznanska, reported to police that he had committed acts of domestic abuse against their minor son, N.P. Paul was subsequently charged with two misdemeanor counts of domestic battery. Because of those charges, the State of Illinois revoked Paul's firearm owner's identification card, concealed carry license, and firearm control card and required him to turn over his firearms until the charges were resolved. Until his arrest, Paul had been employed to provide personal private security and bodyguard services, but, after losing the ability to possess or use firearms, he was no longer able to perform that job. He was forced to seek far lower paying employment that did not involve firearms. According to Paul, the charges also prevented him from seeing N.P. for more than two years.

¶ 5        In July 2021, Paul and his privately retained criminal counsel and domestic violence expert appeared in court ready to proceed to trial on the domestic battery charges. Karolina and N.P., however, failed to appear. Because its complaining witnesses were not present, the State requested a continuance, but the trial court denied that request. The State then filed a motion to *nolle prosequi* all counts filed against Paul due to the absence of its complaining witnesses. The trial court granted the motion and dismissed both charges. Later, Paul discovered that Karolina had sent N.P. alone to Poland a few days before the trial, despite being aware of the trial date.

¶ 6        In December 2021, Paul filed a two-count civil complaint against Karolina, alleging malicious prosecution and abuse of process and requesting compensatory and punitive damages.

In his malicious prosecution count, Paul alleged that Karolina's claims against him were "frivolous" and forced him to spend thousands of dollars to engage private criminal counsel and an expert witness. He was allegedly also harmed by being forced to find alternative employment after losing his prior post as an armed security guard. He contended that Karolina filed a false police complaint to gain an advantage in their ongoing battle over child support, extracurricular activity fees, and the responsibility for providing transportation for N.P.'s visitation with Paul. He added that she knowingly sent N.P. to Poland days before his trial and then failed to appear in court herself, leaving the State without its critical witnesses.

¶ 7        In Paul's abuse of process count, he alleged Karolina "willfully and wantonly misused the criminal legal process" to gain an advantage in their post-dissolution conflicts over finances and transportation. Due to that misuse of process, Paul allegedly suffered serious financial injury and was unable to see his son for more than two years.

¶ 8        Karolina filed a motion to dismiss the complaint pursuant to section 2-619 of the Illinois Code of Civil Procedure (725 ILCS 5/2-619 (West 2020)) in February 2022, followed by a combined motion to dismiss all counts under both section 2-619 and section 2-615 (*id.* § 2-615). In her combined motion, she argued that Paul's complaint failed to state sufficiently specific facts to avoid dismissal under section 2-615, that the attachments to his complaint showed that she did not bring the criminal charges filed against Paul, and that the criminal proceeding was not resolved in his favor.

¶ 9        After a hearing on the combined motions, the trial court granted Karolina's section 2-619 motion to dismiss, and denied her section 2-615 motion, on the malicious prosecution count and granted her section 2-615 motion to dismiss the abuse of process count. Consequently, the court dismissed both counts with prejudice. Paul filed a timely notice of appeal.

3

¶ 10                                    II. ANALYSIS

¶ 11        This appeal involves the trial court's dismissal of Paul's malicious prosecution and abuse

of process counts pursuant to sections 2-619 and 2-615, respectively. When reviewing a ruling

on a motion to dismiss under either section 2-619 or 2-615, we apply a *de novo* standard of

review. *Randall v. Lemke*, 311 Ill. App. 3d 848, 850 (2000) (stating the standard of review for

section 2-615 motions); *PNC Bank v. Kusmierz*, 2022 IL 126606, ¶ 10 (stating the standard of

review for section 2-619 motions). We address the parties' arguments on the malicious

prosecution count and the abuse of process count in that order.

¶ 12        To support his malicious prosecution claim, Paul had to prove, among other elements,

"the commencement of an original criminal *** judicial proceeding by the defendant."

*Misselhorn v. Doyle*, 257 Ill. App. 3d 983, 986 (1994). To make that showing, Paul asserts that

Karolina "had standing and full authority to bring criminal charges against [him] as [Karolina]

was the one, and only one, that on November 16, 2019, filed two (2) misdemeanor counts against

[Paul] for domestic battery against their son and verified those two (2) counts of domestic

battery." He maintains that complaint began the prosecution because the state's attorney is

obliged "[t]o commence and prosecute all actions, suits, indictments and prosecutions, civil and

criminal, in the circuit court for his county, in which the people of the State or county may be

concerned." 55 ILCS 5/3-9005(a)(1) (West 2020). Once the State has filed a criminal complaint,

the trial court was compelled to "examine upon oath or affirmation the complainant or any

witnesses." 725 ILCS 5/107-9(a) (West 2020). "A warrant shall be issued by the court for the

arrest of the person complained against if it appears from the contents of the complaint and the

examination of the complainant or other witnesses, if any, that the person against whom the

complaint was made has committed an offense." *Id.* § 107-9(c).

4

¶ 13       Relying on those provisions, Paul argues that, as the initial complainant, Karolina "not only had the requisite standing to complain against [Paul] for domestic battery, but was also [*sic*] her two (2) counts of sworn to and verified criminal misdemeanor complaints of domestic battery against [Paul] that directly led to his arrest and detainment (i.e., arrest)." Later, due to the failure of Karolina and N.P. to appear at Paul's trial, the State was forced to dismiss all charges, again showing her critical role in the institution of the criminal proceedings. Paul's argument concludes: "As such this malicious prosecution and abuse of judicial legal process matter against [Paul] was started, maintained and terminated *solely* by [Karolina]." (Emphasis in original.)

¶ 14       The trial court granted Karolina's section 2-619 motion to dismiss Paul's malicious prosecution claim. By pursuing dismissal under that section, Karolina admitted the legal sufficiency of his complaint but asserted an affirmative defense or other legal matter that defeats that claim or avoids its legal effect. See *PNC Bank*, 2022 IL 126606, ¶ 10 (explaining section 2-619 motions to dismiss). The affirmative defense asserted was her lack of authority to commence any criminal prosecution against Paul.

¶ 15       One of the duties of each Illinois state's attorney is "[t]o commence and prosecute all actions and proceedings brought by any county officer in his official capacity." 55 ILCS 5/3-9005(a)(3) (West 2020). Moreover, the state's attorney is obliged "[t]o commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." *Id.* § 3-9005(a)(1).

Under the plain language of those statutes, only the state's attorney has the authority to "commence and prosecute" any criminal action in the State's name. Neither statute permits an individual citizen such as Karolina to institute criminal court proceedings.

¶ 16    While a "complaint" from an individual citizen may certainly serve as the impetus for a police investigation that could eventually lead to the state's attorney filing a criminal "complaint" in the circuit court, those two types of "complaints" are distinct and not interchangeable. Here, the "complaint" filed by Karolina was, as a matter of law, insufficient to constitute the commencement of a criminal proceeding against Paul. As Justice Neville noted in his special concurrence in *People v. Jackson*, " 'The prosecutor serves the public interest and should act with integrity and balanced judgment to increase public safety both *by pursuing appropriate criminal charges of appropriate severity, and by exercising discretion to not pursue criminal charges in appropriate circumstances*.' " (Emphasis added.) *Jackson*, 2021 IL 124818, ¶ 53 (quoting ABA Standards for Criminal Justice, The Prosecution Function, Standard 3-1.2(b) (4th ed. 2017)) (Neville, J., specially concurring). The prosecutor, not the complaining witness or the police, has the sole discretion and authority to initiate legal process by filing criminal charges.

¶ 17    While Karolina filed a police report that ultimately resulted in the state's attorney deciding to bring misdemeanor domestic battery charges against Paul, she had absolutely no authority to initiate that criminal process on her own. We conclude that she presented a valid affirmative defense to Paul's malicious prosecution claim, namely that she could not, as a matter of law, commence any criminal action against Paul. The trial court correctly granted her section 2-619 motion to dismiss on that basis.

¶ 18    We next examine whether the trial court properly granted Karolina's section 2-615 motion to dismiss Paul's claim of abuse of process. A section 2-615 motion to dismiss challenges the allegations in the complaint and asks the court to determine whether, when viewed in the light most favorable to the plaintiff, the facts alleged are sufficient to state a cause of action.

While the plaintiff's pleading need not prove the case, it must allege enough facts to state each of the elements of the claim. *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 339 Ill. App. 3d 177, 182 (2003). A claim may be dismissed under section 2-615 only if it cannot be proven under any possible set of facts. *Randall*, 311 Ill. App. 3d at 850.

¶ 19       To establish a claim of abuse of process, Paul's complaint had to allege facts showing: (1) an ulterior purpose, and (2) an improper act in the use of legal process. *Keithley v. Stevens*, 238 Ill. 199, 200 (1909); *Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 966 (1972). Because abuse of process claims are disfavored in Illinois, we must strictly construe the elements of that cause of action. *Neurosurgery*, 339 Ill. App. 3d at 183. By itself, filing a lawsuit for an improper purpose does not constitute an abuse of process. *Id.*

¶ 20       To establish the first element of abuse of process, Paul's complaint alleged that Karolina "willfully and wantonly misused the criminal legal process to accomplish her ulterior purpose of gaining an unfair advantage and leverage over [Paul] in their post-decree domestic relations matter to obtain more money from [him] than what was owed in child support, extra-curricular activities and to prevent her from driving [N.P.] to [Paul's] residence in Willowbrook, Illinois which [Karolina] considered too far and out of her way." Viewed on their face, those allegations provide facts that, if proven at trial and believed by the trier of fact, establish an ulterior purpose for Karolina's report of domestic battery—seeking leverage and advantage in the parties' unrelated post-dissolution proceedings. Paul's allegation of facts is sufficiently specific to adequately plead the first element of his abuse of process claim.

¶ 21       To establish the second element of his abuse of process claim and avoid dismissal under section 2-615, Paul had to allege an improper act by Karolina in the use of legal process. *Keithley*, 238 Ill. at 200; *Holiday Magic*, 4 Ill. App. 3d at 966. " 'Process' has been defined as

7

any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property. [*Community National Bank in Monmouth v.*] *McCrery*, 156 Ill. App. 3d [580,] 583 [(1987)]. Therefore, the issuance of a summons can be categorized as process." *Neurosurgery*, 339 Ill. App. 3d at 183.

¶ 22       Here, the only act alleged by Paul that could meet that standard was Karolina's report to the police that he had committed battery against N.P. Karolina's report, however, did not impact the trial court's "[acquisition] or exercise [of] its jurisdiction over a person or over specific property." See *Neurosurgery*, 339 Ill. App. 3d at 183. Her report merely triggered an investigation by the authorities into her battery allegations. The trial court's jurisdiction could not be implicated because, at that point, no "legal process" had begun. Her report simply created a potential basis for the future institution of legal process by the State. For that reason, it is insufficient to establish the second element of Paul's abuse of process claim.

¶ 23       While, in Paul's view, Karolina also "had standing and full authority to bring criminal charges against" him, we have already rejected that view. Because she could not bring or prosecute any criminal charges, none of her actions could constitute an improper use of legal process. The State is the entity that instituted and prosecuted all legal process against Paul, but he has not made the State a party to this case. Thus, the trial court properly granted Karolina's section 2-615 motion to dismiss Paul's abuse of process claim.

¶ 24                                    III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 25       Affirmed.